**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **METALDYNE CORPORATION** | § | |
| **for its own account and** | § | |
| **as successor in interest to** | § | |
| **METALDYNE MACHINING** | § | |
| **& ASSEMBLY COMPANY, INC.,** | § | |
| | § | **No. 06-74 T** |
| **Plaintiff,** | § | **The Honorable Edward J. Damich** |
| | § | |
| **v.** | § | |
| | § | |
| **THE UNITED STATES,** | § | |
| | § | |
| **Defendant.** | § | |

## ANSWER

Defendant, the United States, by way of Answer to the Complaint in the above-captioned case, respectfully denies each and every allegation contained therein not specifically admitted below.

Defendant further:

1. Admits the allegations contained in the first sentence of paragraph 1 as an accurate description of the nature of the claim made in the Complaint, but states that its attorneys are presently without knowledge or information sufficient to form a belief as to whether there were overpayments of income tax for 1987 or 1988, and denies that plaintiff is entitled to additional interest. As to the second sentence of paragraph 1, avers that its attorneys are presently without knowledge or information sufficient to form a belief as to their truth, and avers further that they constitute a legal conclusion, to which no response is required.

2. Admits that jurisdiction, if it exists, is by virtue of § 1491 of Title 28 of the United States Code.

3. - 5. Admits the allegations contained in paragraphs 3 through 5.

6. As to the first sentence of paragraph 6: admits that the document referred to therein alleges that plaintiff's 1987 and 1988 accounts were in overpayment status at various times; avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegation that those accounts were in that status in the amounts, or for the periods, set out in the document referred to, or that those accounts were properly in that status for any relevant period; avers that those allegations constitute legal conclusions, to which no response is required. As to the second sentence of paragraph 6: Admits that plaintiff received federal corporate income tax refunds or credits arising from alleged overpayments with respect to 1987 and 1988; avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegation that such overpayments, or refunds resulting therefrom, were proper as a matter of fact or law; avers that the allegation that any such refunds were proper constitutes a legal conclusion, to which no response is required.

7. As to the first sentence of paragraph 7: admits that the document referred to therein alleges that plaintiff's 1987, 1989, 1990 and 1991 accounts were in underpayment status at various times; avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegation that those accounts were in that status in the amounts, or for the periods, set out in the document referred to, or that those accounts were properly in that status for any relevant period; avers that those allegations constitute legal conclusions, to which no response is required. As to the second sentence of paragraph 7:

Admits that federal corporate income tax deficiencies were assessed against plaintiff with respect to 1987, 1989, 1990 and 1991; avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegation that such deficiencies were proper as a matter of fact or law; avers that the allegation that any such deficiencies were proper constitutes a legal conclusion, to which no response is required.

8. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 8.

9. - 10. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 9 and 10. Avers that the allegations contained in paragraphs 9 and 10 constitute legal conclusions, to which no response is required.

WHEREFORE, defendant prays the Complaint be dismissed, with all allowable costs assessed against plaintiff.

Respectfully submitted,

s/ W. C. Rapp
W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

June 26, 2006

s/ Steven I. Frahm
Of Counsel